UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ASBESTOS WORKERS MEDICAL FUND and TRUSTEES OF THE NATIONAL ASBESTOS WORKERS PENSION FUND<br>7130 COLUMBIA GATEWAY DRIVE, SUITE A<br>COLUMBIA, MD 21046<br><br>                Plaintiffs,<br><br>   v.<br><br>ACE BUILDING SYSTEMS, INC.<br>61 Public Square<br>Leitchfield, KY 42754<br><br>Serve:  Marvin Patterson, Registered Agent<br>         61 Public Square<br>         Leitchfield, KY 42754<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CA No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)**

### Jurisdiction

1.    This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## Parties

2.  Plaintiffs are the Trustees of the National Asbestos Workers Medical Fund and Trustees of the National Asbestos Workers Pension Fund (hereinafter "NAW Funds"), multiemployer employee benefit plans as that term is defined in Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37) (as amended). The Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NAW Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Asbestos Workers Local Union No. 37 (hereinafter "the Union") and the Defendant. The NAW Funds are administered at 7130 Columbia Gateway Drive, Suite A, Columbia, MD 21046.

3.  Defendant Ace Building Systems, Inc. is a corporation existing under the laws of the State of Kentucky with offices located in Kentucky. Defendant transacts business in the State of Kentucky as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## COUNT I

4.  Defendant entered into a Collective Bargaining Agreement with the Union establishing terms and conditions of employment for heat and frost insulators employed by the Defendant.

5.  Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff NAW Funds certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

6. The Defendant executed Special Class Participation Agreements for the Plaintiff NAW Funds regarding Marvin Leslie Patterson ("Patterson"), the majority owner of the Defendant company ("Participation Agreements"). These Participation Agreements require that the Defendant must report and pay contributions to the Plaintiff NAW Funds on behalf of Patterson for a minimum of 40 hours per week or for the hours actually worked by Patterson if greater than 40 hours per week. Contributions are to be made at the hourly rates as set forth in the Collective Bargaining Agreement.

7. Patterson performed work covered by the Collective Bargaining Agreement and the Participation Agreements during the period of May 2018 through the present.

8. Defendant has failed to pay complete contributions owed on behalf of Patterson to the Plaintiff NAW Funds in the amount of $5,303.70 for the months of May 2018, June 2018 and August 2018 through October 2019. Pursuant to the terms of the Collective Bargaining Agreement and Participation Agreements, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Funds.

9. Defendant has failed to submit reports and pay contributions owed to the Plaintiff NAW Funds on behalf of Patterson for the months of February through May 2019. Pursuant to the terms of the Collective Bargaining Agreement and Participation Agreements, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Funds.

10. Defendant is bound to the Trust Agreements.

11. Pursuant to the Trust Agreements, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Plaintiff NAW Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports actually submitted by the Employer for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly

payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.

12. Using report forms submitted for the last three (3) months for which hours were reported, the projected delinquency for the months of February through May 2019 is $8,204.80 calculated as follows:

| Month | Pension Reported | Medical Reported |
|---|---|---|
| November 2018 | $1,115.20 | $936.00 |
| December 2018 | $1,115.20 | $936.00 |
| January 2019 | $1,115.20 | $936.00 |
| Monthly Average: | $1,115.20 | $936.00 |

13. Defendant's contributions on behalf of Patterson for the months of November 2018 through January 2019 and partial contributions owed for the months of May 2018 and June 2018 were paid late. The specific amounts paid and the date in which the Defendant's contributions were received by the NAW Funds are set forth on the attached breakdowns (Exhibit A).

14. Defendant's partial contributions owed to the Plaintiff NAW Funds on behalf of Patterson for the months of May and June 2018 are late and its contributions owed to the Plaintiff NAW Funds on behalf of Patterson for the months of August 2018 through October 2018 and February 2019 through May 2019 are late.

15. The Trust Agreement establishing the Plaintiff National Asbestos Workers Medical Fund ("Medical Fund") provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid: (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of

payment; or (2) interest at the rate of 1 1/2% per month; or (3) double interest as provided in the Act.

16. The Plaintiff Medical Fund assessed interest on late contributions for all work performed prior to January 1, 2019 pursuant to this provision, at the rate of 1 ½ % per annum. For all work performed as of January 1, 2019 and continuing, the Plaintiff Medical Fund assesses interest on late contributions pursuant to this provision at the rate of 8% per annum, plus liquidated damages in the amount of 20% of the amount due. Accordingly, the Defendant owes the Plaintiff Medical Fund liquidated damages in the amount of $936.00 and interest in the amount of $219.88 assessed on late payments for the months of May 2018, June 2018 and August 2018 through May 2019 (Exhibit A). Interest will continue to accrue on the unpaid contributions through the date of payment at the rate of 8% per annum.

17. The Trust Agreement establishing the Plaintiff NAW Pension Fund provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid: (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) double interest as provided in the Act.

18. The Plaintiff Pension Fund assessed interest on late contributions for all work performed prior to January 1, 2019 pursuant to this provision, at the rate of 16% per annum during the first 60 days in which contributions are late and assessed interest on late contributions for all work performed prior to January 1, 2019 pursuant to this provision at the rate of 8% per annum, plus liquidated damages in the amount of 20% of the amount due after the first 60 days in which the contributions are late. For all work performed as of January 1, 2019 and continuing, the Plaintiff Pension Fund assesses interest on late contributions pursuant to this provision at the rate of 8% per

5

annum, plus liquidated damages in the amount of 20% of the amount due. Accordingly, the Defendant owes the Plaintiff Pension Fund liquidated damages in the amount of $2,023.98 and interest in the amount of $427.22 assessed on late payments for the months of May 2018, June 2018 and August 2018 through May 2019 (Exhibit A). Interest will continue to accrue on the unpaid contributions through the date of payment at the rate of 8% per annum.

**WHEREFORE**, in Count I, Plaintiff NAW Funds pray for Judgment against the Defendant as follows:

A. In the amount of $13,505.50 in contributions due for work performed in May 2018, June 2018, August 2018 through October 2018 and February 2019 through May 2019, plus costs and reasonable attorneys' fees pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

B. In the amount of $2,959.98 in liquidated damages, plus $647.10 in interest assessed on the late payments for the months of May 2018, June 2018 and August 2018 through May 2019 pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

C. For all contributions, liquidated damages and interest which become due subsequent to the filing of this action through the date of Judgment pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

D.  For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C. 20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan, Esquire
Maryland Bar No.: 05682
Attorneys for Plaintiffs

329201_1

7

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 12th day of July, 2019 on the following:

    The Office of Division Counsel
    Associate Chief Counsel (TE/GE) CC: TEGE
    Room 4300
    1111 Constitution Avenue
    Washington, DC  20224
    Attention:  Employee Plans

    Secretary of Labor
    200 Constitution Avenue, N.W.
    Washington, DC  20210
    ATTENTION:  Assistant Solicitor for
        Plan Benefits Security

                                                  _____/s/_____
                                                  Charles W. Gilligan

329201_1